

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

January 29, 1969.

Honorable James A. Doherty
County Attorney
San Augustine County
Box 622
San Augustine, Texas 75972

Opinion No. M-336

Re: Construction of Article
42.12, Vernon's Code of
Criminal Procedure, as
the same relates to
qualifications and em-
ployment of adult pro-
bation officers.

Dear Mr. Doherty:

This is in response to your inquiry of December 9, 1968, wherein you request the opinion of this office on the following two questions:

1. Are the qualifications [of adult probation officers] contained in Article 42.12, Section 10, Texas Code of Criminal Procedure, manda- tory in a judicial district wherein each of the counties have a population less than fifty-thousand persons.

2. Should probation officers employed in accord with Article 42.12 of the Texas Code of Criminal Procedure be employed as district probation officers or should there be separate probation departments in each of the counties comprising the judicial district, with their salaries and expenses to be paid from the county by which they are employed.

In examining Section 10 of Article 42.12 of the Code of Criminal Procedure, we are unable to find any provision authorizing the appointment of probation officers for any area less than the judicial district served by the court making such appointment. It is therefore our opinion that the following three consequences must flow from this statute:

(1) All probation officers must be qualified by that portion of the first paragraph of Section 10 which states:

- 1652 -

"Only those persons who have successfully completed education in an accredited college or university and two years full time paid employment in responsible probation or correctional work with juveniles or adults, social welfare work, teaching or personnel work; or persons who are licensed attorneys with experience in criminal law; or persons who are serving in such capacities at the time of the passage of this Article and who are not otherwise disqualified by Section 31 of this Article, shall be eligible for appointments as probation officers; providing that additional experience in any of the above work categories may be substituted year for year for the required college education, with a maximum substitution of two years. Provided, however, that in a county having a population of less than 50,000, according to the last preceding Federal census, any person having completed at least two years education in an accredited college or university will be eligible for appointment." (Emphasis added.)

Since the statute does not provide for county probation officers as such, the underlined proviso in the above quoted portion of the statute must be treated as inapplicable, except in those instances when a one-county judicial district contains less than fifty thousand population. There are several one-county judicial districts with a population of less than fifty thousand.

(2) Probation officers must be employed as district officers. However, there seems to be nothing in the statute to prohibit a district judge (or judges) from assigning a probation officer to work in a specific county or counties provided that each county in the district receives the services of one or more probation officers.

(3) All expenses including salaries must be paid from the funds of the various counties in the district, proportioned to the population of such counties. There is no authorization for an individual county to pay the expenses of the probation services rendered to such county without regard to the other counties in the district.

## S U M M A R Y

Adult probation officers are district officers and must be qualified as set forth in Article 42.12, Section 10, Texas Code of Criminal Procedure.  The expenses of the adult probation office must be prorated among the various counties in the district according to *population.*

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Howard M. Fender
Assistant Attorney General

APPROVED:

OPINION COMMITTEE
Kerns Taylor, Chairman
George Kelton, Vice Chairman
Tom Bullington
Robert Owen
Ralph Rash
Bob Lattimore


W. V. Geppert
STAFF LEGAL ASSISTANT